# REPLY EX. B

SOLUTIONS PROCEDURE CHANGES
(Notification Date: November 1, 2011)

CHANGE #1: Recent federal legislation prohibits pre-dispute arbitration agreements from covering employee protection claims under Sarbanes-Oxley ("SOX"), the Commodities Exchange Act and the Consumer Financial Protection Act of 2010. We have modified the definition of what are "Excluded Claims" in the Solutions Procedure to cover these and other restrictions, and identified such claims in Appendix C of the Solutions Procedure.

Accordingly, the language of the Solutions procedure was changed as follows:

## II. GENERAL

### L. Excluded Claims

[After the last bullet, a new paragraph was added:]

**Excluded Claims, which are excluded from Level IV of Solutions:**
<u>In addition, claims which, by applicable statute, regulation or other legal requirement are precluded from mandatory coverage under a pre-dispute binding arbitration agreement are considered Excluded Claims insofar as they are excluded from Level IV of Solutions, but not excluded from Levels I, II or III of Solutions. (See Appendix C for further information.)</u>

\* \* \* \* \*

Appendix C

<u>In addition to the descriptions in Sections K ("Covered Claims") and L ("Excluded Claims") of the Solutions Procedure, claims that are considered "Excluded Claims" with respect to Level IV of Solutions, because by applicable statute, regulation or other legal requirement they are precluded from mandatory coverage under a pre-dispute binding arbitration agreement, include</u>:

- <u>Claims arising under section 1514A of the Sarbanes Oxley Act of 2002, as amended</u>

- <u>Claims arising under section 1057 of the Dodd-Frank Wall Street Reform and Consumer Protection Act</u>

- <u>Claims arising under Section 748 of the Dodd-Frank Wall Street Reform and Consumer Protection Act (relating to Section 23 of the Commodity Exchange Act)</u>

CHANGE #2: The General Counsel of the National Labor Relations Board (NLRB) recently confirmed that class action waivers are appropriate under federal labor law, but he recommended that employers remind employees covered by ADR programs with class

actions waivers, such as Solutions, that they cannot be disciplined for attempting to file a class claim despite the fact that they are bound by a class action waiver (and despite the fact that such a waiver could ultimately prevent such a claim from proceeding in court). While disciplinary action has never been part of the Solutions Procedure, the Procedure is being amended to address this issue explicitly.

Accordingly, the language of the Solutions procedure was changed as follows:

## II. GENERAL

### M. Exclusivity of Arbitration for Covered Claims; Injunctive Relief; Individual Nature of Covered Claims

Covered Employees and the Company waive their right to bring any Covered Claims as, or against, a representative or member of a class or collective action (whether opt-in or opt-out) or in a private attorney general capacity, unless all parties agree to do so in writing. All Covered Claims must be brought on an individual basis only in Solutions. <u>Without waiving the Company's right to enforce this Procedure's provisions regarding class and collective action waivers, nothing in this Procedure prohibits employees from acting concertedly to challenge the terms of Solutions by pursuing class or collective actions and they will not be subject to discipline or retaliation by the Company for doing so.</u>

CHANGE #3: Under Solutions, both the Company and the employee choose a third party, neutral arbitrator to resolve any remaining disputes at Level IV. Consistent with a recent U.S. Supreme Court decision, we are amending the Solutions Procedure to entrust to the neutral arbitrator the right to rule on any interpretations, or challenges to the validity, of the Procedure agreement.

Accordingly, the language of the Solutions procedure was changed as follows:

## III. PROCEDURE AND RESPONSIBILITY

### D. Level IV – Arbitration

18. <u>Authority of the Arbitrator.</u> The arbitrator may, in connection with the Covered Claim of a specific employee, decide whether the Company has complied with its policies, procedures, rules or practices, and/or whether such policies, procedures, rules, and/or practices are in violation of applicable state or federal law, and where a violation is found, the arbitrator may, solely with respect to the claimant, order the Company to change the application of its policies, procedures, rules, or practices. The arbitrator shall not, however, change, require the Company to establish, nor diminish the Company's authority to establish or revise its policies, procedures, rules and/or practices. The arbitrator shall decide all Covered Claims in accordance with the

substantive law of the state or the federal circuit, or both, in which the claim arose, or the applicable law pursuant to any contractual agreement. <u>The Arbitrator, and not any court or agency, shall have exclusive authority to resolve any dispute relating to the applicability, interpretation, formation or enforceability of this Agreement including, but not limited to, any claim that the entirety or any part of this Agreement is voidable or void.</u>

Under no circumstances shall the arbitrator have the authority to consider any putative class, collective or private attorney general claims.